Mr. Edward G. Guedes Miramar City Attorney 2665 South Bayshore Drive Suite 204 Miami, Florida 33133
Dear Mr. Guedes:
You ask substantially the following question:
Are the city attorney, or an attorney under contract to the city, and other city officials who are responsible for advising the city regarding the provision of emergency medical services by the city's fire-rescue department or for defending the city against a possible claim against the city arising from the provision of such services, prohibited from reviewing the records of such emergency calls that contain patient examination or treatment information by section 401.30(3), Florida Statutes?
In sum:
Section 401.30(3), Florida Statutes, does not prevent the city attorney, or an attorney under contract to the city, and other city officials who are responsible for advising the city regarding the provision of emergency medical services by the city's fire-rescue department or for defending the city against a possible claim against the city arising from the provision of such services, from reviewing the records related to such emergency calls that contain patient examination or treatment information.
You state that in your capacity as city attorney, you are frequently called upon to advise or defend the city in connection with incidents arising from the provision of fire-rescue and other emergency medical services to residents of the city. In order to carry out that function, it is necessary for you to review the incident reports regarding the provision of such services. In addition, the city may hire an attorney in connection with a possible or anticipated claim arising out of the provision of such services. Other city officials may also need to review such reports as part of their analysis and consideration of possible claims arising out of the incident. You ask whether section401.30(3), Florida Statutes, precludes such attorney or officials from reviewing such records in carrying out their duties when this review is for the purpose of advising or defending the city against a possible or anticipated claim.
It is the general policy of this State, as expressed in the Public Records Law, Chapter 119, Florida Statutes, and in Article I, section 24, Florida Constitution, that state, county and municipal records be open for inspection by any person. Section119.07(1)(a), Florida Statutes, requires the custodian of a public record to permit the record to be inspected by any person desiring to do so, at reasonable times, under reasonable conditions, and under the supervision of the custodian. In addition, the statute requires the custodian to furnish a copy of the record upon payment of the legally prescribed fee for such copy. There are, however, a number of exemptions from the disclosure requirements of section 119.07, Florida Statutes.
Part III of Chapter 401, Florida Statutes, addresses the provision of medical transportation services and provides for the investigation, examination, licensing, technical assistance and support services for such programs.[1] Section 401.30, Florida Statutes, relating to records of emergency calls received by emergency medical services licensees, requires that accurate records of such calls be maintained on forms containing such information as the Department of Health and Rehabilitative Services requires.[2] These records must be available to the department at reasonable times and copies furnished to the department upon request.[3]
Section 401.30(3), Florida Statutes, provides:
Records of emergency calls which contain patient examination or treatment information are confidential and exempt from the provisions of s. 119.07(1) and may not be disclosed without the consent of the person to whom they pertain, but appropriate limited disclosure may be made without such consent: (a) To the person's guardian, to the next of kin if the person is deceased, or to a parent if the person is a minor; (b) To the hospital personnel for use in conjunction with the treatment of the patient; (c) To the department;[4] (d) To the service medical director;[5] (e) For use in a critical incident stress debriefing. Any such discussions during a critical stress debriefing shall be considered confidential privileged communications under s. 90.503; (f) In any civil or criminal action, unless otherwise prohibited by law, upon the issuance of a subpoena from a court of competent jurisdiction and proper notice by the party seeking such records, to the patient or his or her legal representative; or (g) To a local trauma agency or a regional trauma agency, or a panel or committee assembled by such an agency to assist the agency in performing quality assurance activities in accordance with a plan approved under s. 395.401. Records obtained under this paragraph are confidential and exempt from s. 119.07(1) and s. 24(a), Art. I of the State Constitution.
Section 401.30, Florida Statutes, requires the confidentiality of records of emergency calls containing patient examination or treatment information. The statute specifies those persons or entities outside of the agency who may receive such information. For example, the statute authorizes disclosure to the emergency medical service's supervising medical director, who may or may not be an employee, and to hospital personnel providing treatment to the patient. Thus, this office in Attorney General Opinion 86-97 stated that records of emergency calls containing patient examination or treatment information maintained by the county fire-rescue department may not be disclosed to local law enforcement officers except as provided in section 401.30(3).
Section 401.30(3), Florida Statutes, therefore, precludes the disclosure of such records to persons or entities outside the agency who are not specifically enumerated therein. Nothing in the statute, however, would preclude access to those records by agency employees who are responsible for advising the agency as to its duties and responsibilities in providing such care. Clearly the city attorney or attorney under contract with the city to perform such duties must have access to the pertinent information in order to carry out this function. While the confidentiality provisions may prevent the disclosure of such records to city employees for purposes unrelated to the incident,[6] your inquiry concerns the disclosure of such records to the city attorney or other city officials in matters connected to the incident from which such records were generated.
Accordingly, I am of the opinion that section 401.30(3), Florida Statutes, is not violated by the city attorney, or an attorney under contract to the city, and other city official having access to the city fire-rescue department's records of emergency calls that contain patient examination or treatment information when such access is granted to such individuals in carrying out their official duties to advise and defend, or to assess the liability of, the city in a possible or anticipated claim against the city arising out of the provision of such care.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tjw
[1] See, s. 401.211, Fla. Stat. And see, s. 401.25(1), Fla. Stat., requiring licensure of every person, firm, corporation, association, or governmental entity owning or acting as agent for the owner of any business providing prehospital advanced life support services or basic life support transportation services on the waterways or streets of this state.
[2] Section 401.30(1), Fla. Stat.
[3] And see, s. 401.30(2), Fla. Stat., stating that reports to the department from licensees that cover statistical data are public records, except that the names of patients and other patient-identifying information contained in such reports are confidential and exempt from disclosure.
[4] See, s. 401.23(10), Fla. Stat., stating that the department means the Department of Health and Rehabilitative Services.
[5] See, s. 401.23(15), Fla. Stat., defining "medical director" to mean a physician who is employed or contracted by a licensed emergency medical services provider and who provides medical supervision, not including administrative and managerial functions, for daily operations and training pursuant to the provisions of this act.
[6] See, Inf. To Lieutenant William B. Galbraith, II, dated April 8, 1992, stating that information regarding juveniles made confidential by chapter 39, Florida Statutes, may not be disclosed to an attorney defending the city in an unrelated civil action or to the city's risk manager assisting in the suit.